**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION ) | |
| OF OPERATING ENGINEERS, AFL-CIO, ) | |
| et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:09-CV-429 CAS |
| v. ) | |
| ) | |
| WEIDER EXCAVATING, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## PARTIAL DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion For Default Judgment. Defendant was served with a copy of the Summons and Complaint on March 28, 2009. On April 21, 2009, the Clerk entered default against Defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure (Doc. 5). On April 22, 2009, Plaintiffs filed their Motion For Default Judgment. Through their Motion, Memorandum In Support and supporting Exhibits and Affidavits, Plaintiffs seek entry of a Partial Default Judgment against Defendant Weider Excavating, L.L.C. Because Defendant has failed to appear in this case, and for the reasons discussed below, entry of Partial Default Judgment is appropriate.

### A.  The Defendant's Liability Is Established on Entry of Default

Upon entry of default, a defendant's liability is established. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). A defendant in default cannot contest the merits of the plaintiffs' right to recover. Id. These principles apply to ERISA fringe benefit collection cases. See, e.g., Trustees of I.B.E.W. Local 405 Health & Welfare Fund v. Tichy Elec. Co., 2008 WL154641, at **4-5 (N.D. Iowa Jan. 15, 2008). Once liability is established, the only issue is the amount of damages owed. Id. at *4.

The relief available in an ERISA fringe benefit collection case is mandatory. The relief provided for in ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) is mandatory. Northwest Admr's, Inc.

v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996). Among the various elements of relief is an award of delinquent contributions, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A).

Here, Defendant has failed to submit Contribution Report Forms for a period eleven (11) months, both preceding and following the filing of the Complaint. See Affidavit of William Murphy; see also Affidavit of James R. Kimmey. Defendant has also failed to submit its records to an audit. See Kimmey Affidavit. Therefore, the Court finds that Defendant is delinquent and that Plaintiffs are entitled to an award of all contributions due, both before and after the Complaint was filed. Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988); Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble, 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008). The question then becomes how the amount of damages is to be determined.

### B. ERISA Provides for an Award of "Other Legal or Equitable Relief"

ERISA § 502(g)(2)(E) provides that in addition to delinquent contributions, a court shall award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E) (emphasis added). Plaintiffs have provided citations and arguments that an audit constitutes an appropriate element of relief in an ERISA case where the amount of the delinquency is not known. International Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F.Supp.2d 26 (D.D.C. 2002). Injunctive relief, including audits, "promote[s] the legislative intent of ERISA." Id. at 33. See also Maguire v. America Piles, Inc., 2002 WL 31626972 (S.D.N.Y. Nov. 21, 2002) (specifying documents to be produced for an audit where the amount due was merely estimated by the plaintiff). Audits are appropriate in order to determine the full amount of contributions due. Mason Tenders Dist. Council Welfare Fund v. Bold Constr. Co., Inc., 2002 WL 1788024, at *3 (S.D.N.Y. Aug. 1, 2002). The Court determines that an audit is appropriate in this case.

### C. Other Relief Under ERISA § 502(g)(2)

At least two components of the relief available to Plaintiffs pursuant to § 502(g)(2), liquidated damages and interest, are dependent upon the amount of contributions due. ERISA § 502(g)(2)(B) provides for an award of "interest on the unpaid contributions." Likewise, ERISA § 502(g)(2)(C) provides for an award of additional interest, or liquidated damages of not more than twenty percent

(20%) of the delinquency. In addition, the Agreement and Trust Documents (Exhibits 4, 5, 6 and 7) provide that Plaintiffs are entitled to an award of interest and to an award of liquidated damages of 20% of the delinquency. In both cases, the amount of the delinquency must be known before these so-called "consequential damages" can be awarded. Based on the fact that Defendant has failed to submit Contribution Report Forms for an extended period of time, or to submit to an audit, it is appropriate to defer entry of final judgment until the underlying delinquency is determined. <u>Iron Workers St. Louis District Council Annuity Trust v. DKW Constr., Inc.</u>; No. 4:07-CV-01960 (AGF) (Mem. and Order of Feb. 4, 2009) (Doc. 21).

As a result of the foregoing, the Court finds that Plaintiffs' motion for partial default judgment should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Default Judgment is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that Defendant Weider Excavating, L.L.C. shall submit all outstanding Contribution Report Forms for the period of April 2008 through this date, within thirty (30) days of entry of this Partial Default Judgment;

**IT IS FURTHER ORDERED** that Defendant Weider Excavating, L.L.C. shall submit its books to an audit by an auditor of Plaintiffs' choice, within sixty (60) days of the this date, at Defendant's cost;

**IT IS FURTHER ORDERED** that Plaintiffs shall have fifteen (15) days after completion of the audit to submit evidence of the delinquency, interest, liquidated damages, costs and attorney's fees;

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this matter for purposes of enforcement.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2009.