# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:09-CV-429 CAS |
| WEIDER EXCAVATING, L.L.C., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiffs bring the instant action seeking an accounting of the defendant employer's payroll records and a judgment for delinquent contributions owed to the plaintiff union employee benefit funds pursuant to a collective bargaining agreement. Currently pending before the Court is plaintiffs' motion to compel or for contempt based on defendant's failure to comply with the Court's Partial Default Judgment dated April 27, 2009 requiring defendant to submit to an audit "all outstanding Contribution Report Forms for the period of April 2008" through the date of the Judgment. The refusal to submit to an audit as ordered may warrant the finding of a civil contempt, and the imposition of fines, imprisonment or other appropriate means may be used to compel compliance with the Court's Judgment. Furthermore, a defendant found to be in contempt may be ordered to reimburse plaintiffs for attorney's fees and expenses incurred in attempting to compel the contemnor's compliance with the order.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to

ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or judgment, or to compensate the complainant for losses sustained, or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's Judgment and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power

2

for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that Weider Excavating, L.L.C. has not produced its Contribution Report Forms as ordered. It is also undisputed that Mr. Dennis Weider is defendant's registered agent and one of its organizers. At this point, the burden shifts to defendant and Mr. Weider to show an inability to comply with the Court's Judgment. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

3

Accordingly,

**IT IS HEREBY ORDERED** that defendant Weider Excavating, L.L.C. and Mr. Dennis Weider are ordered to show cause why they should not be held in contempt of court for failure to produce the Contribution Report Forms of Weider Excavating, L.L.C. for the period April 2008 through April 27, 2009, as ordered by the Court in the Partial Default Judgment dated April 27, 2009.

**IT IS FURTHER ORDERED** that a hearing is set for Tuesday, **September 8, 2009**, at **11:00 a.m.** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Weider Excavating, L.L.C. and Mr. Dennis Weider shall personally appear and may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Partial Default Judgment of April 27, 2009. Because incarceration is a possible civil contempt sanction, Mr. Weider has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Weider to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail separate copies of this order by both regular mail and certified mail, return receipt requested, to defendant Weider Excavating, L.L.C. at 33590 Highway 42 West, Vienna, Missouri 65582, and to Mr. Dennis Weider by both regular mail and certified mail, return receipt requested, at the same address.

_[signature]_

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of August, 2009.